IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-MJ-1095

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| FNU LNU, aka PELON, | ) |
| | ) |
| Defendant. | ) |

Pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, as amended by the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), the court hereby confirms the government's disclosure obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Failure by the government to comply with its disclosure obligation could result in such consequences as exclusion of evidence, adverse jury instructions, dismissal or reversal of charges, contempt proceedings, or imposition of sanctions.

SO ORDERED, this 27th day of May, 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge